IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02582-MSK-KLM

PETER D. THURLOW, JR., and
MICHELLE A. MARTINEZ,

    Plaintiff,

v.

COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation,
COUNTRYWIDE HOME LOAN, INC., a New York corporation,
BANK OF NEW YORK and all persons unknown claiming any legal or equitable right, tile lien or interest in the property described in this Complaint adverse to Plaintiff's title thereto, and
DOES, INCLUSIVE,

    Defendant(s).
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before the Court on an Order to Show Cause.  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.Civ.R. 72.1.C., this matter has been referred to this Court.  Although Plaintiffs were ordered to respond to the Order to Show Cause regarding why the complaint should not be dismissed for failure to prosecute, Plaintiffs have failed to file a response. The Court has reviewed the entire case file and applicable case law and is sufficiently advised in the premises.  Accordingly, I respectfully **RECOMMEND** that the case be **DISMISSED with prejudice**, as set forth below.

### I. Background

Defendants filed a Motion to Dismiss [Docket No.6] on December 16, 2008. Pursuant to D.C.COLO.LCivR 7.1C., Plaintiffs' response to the motion was due twenty days

later. As of this date, Plaintiffs have not filed a response to the Motion to Dismiss. Plaintiffs failed to appear at the Scheduling Conference on March 10, 2009 and failed to file a proposed scheduling order, which was due on March 24, 2009.

On March 26, 2009, the Court ordered Plaintiffs to show cause why this Court should not recommend that the case be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). [Docket No. 10]. Plaintiffs' response to the Order to Show Cause was due April 9, 2009. In the Order to Show Cause, Plaintiffs were advised that failure to respond and show good cause for Plaintiffs' neglect of their case would result in the Court issuing a recommendation to dismiss Plaintiffs' action. Plaintiffs have not responded to the Order to Show Cause.

## II. Analysis

Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss a plaintiff's claims for failure to prosecute, *see Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007), and provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). The Tenth Circuit has recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). However, a dismissal with prejudice is a more severe sanction, and generally requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas*

2

*E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir. 2009). In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered when evaluating grounds for dismissal of an action with prejudice. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). However, given that Plaintiffs are proceeding *pro se*, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose its right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

    **A.**    **Prejudice to Defendants**

From a review of the case file, I find that Plaintiffs have not participated in this case since the filing of the complaint. The failure to prosecute the case has caused prejudice to Defendants because they have been deprived of information and documents necessary to defend against Plaintiffs' claims. Likewise, Defendants' burden is ongoing in that they must defend against allegations that it appears Plaintiffs have no intention of pursuing.

    **B.**    **Interference with the Judicial Process**

Plaintiffs have not responded to Court orders or the motion to dismiss, and failed to appear at a Court hearing. Just as Defendants are burdened by Plaintiffs' failure to prosecute his case so, too, is the Court. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiffs' failure to follow the Court's Orders demonstrates a lack of respect for the Court, the Defendants, and the judicial process. Moreover, the Court's continual review of the file and issuance of Orders necessitated by Plaintiffs' neglect increases the workload of the Court and interferes with the administration of justice.

### C. Culpability of Plaintiffs

Plaintiffs have failed to respond to the Court's Order to Show Cause [Docket No. 10] and have failed to provide any justification for their failure to prosecute the case. Although Plaintiffs' pleadings are construed liberally because they are proceeding *pro se*, they are not excused from the obligations to follow the same rules of procedures that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

### D. Advance Notice of Sanction of Dismissal

The Court has warned Plaintiffs that they could be sanctioned for failure to comply with the Order to Show Cause, including a recommendation that the case be dismissed [Docket No. 10]. Accordingly, the Court finds that Plaintiffs had ample notice that their failure to comply with Court's Order could result in the dismissal of the case.

### E. Efficacy of a Lesser Sanction

I conclude that no sanction less than dismissal with prejudice would be effective

here. Although Plaintiffs are proceeding *pro se*, that does not excuse their failures here. *See Green*, 969 F.2d at 917. In addition, based upon Plaintiffs' lack of a response to Defendants' motion to dismiss, the Court doubts that a monetary sanction would be practical or effective. Further, Plaintiffs' failures impact both the judicial system and Defendants jointly, and considering that Plaintiffs have effectively neglected the case for several months, the Court finds that no lesser sanction would be effective and dismissal with prejudice is the appropriate result.

### III.  Conclusion

Accordingly, I respectfully **RECOMMEND** that the case be dismissed with prejudice.

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  August 24, 2009

BY THE COURT:

  s/ Kristen L.  Mix
Kristen L.  Mix

United States Magistrate Judge

6